IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALEY ROSE DELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-312 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 27th day of March, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to account for all of the work-related limitations caused by her migraine headaches in formulating her residual functional capacity ("RFC"), as well as the hypothetical question to the vocational expert.  The Court disagrees and finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC and his ultimate conclusion that Plaintiff is not disabled.

Although the existence of Plaintiff's migraine headaches is confirmed in the medical record, Plaintiff's argument regarding the limiting impact of this condition is based on her own subjective statements.  She alleges that her testimony regarding the impact of her migraines, specifically that she would be off task and incapacitated during significant portions of the workday and would be frequently absent from work, was supported by the medical record and that, therefore, these restrictions should have been included in the RFC.  Plaintiff further asserts that the ALJ's reasons for excluding these additional limitations – that Plaintiff did not initially allege disability based on headaches, that she did not always complain about headaches to her health care providers, and that she did not endorse any migraine headache complaints at her consultative examination – were insufficient to undermine her subjective testimony.

The Court first notes that an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, although that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character").  The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.

Here, the ALJ found Plaintiff's migraine headaches to constitute a severe impairment and clearly acknowledged Plaintiff's testimony regarding the impact of these migraine headaches. (R. 15, 17).  He then proceeded to consider this testimony in light of all of the record evidence, finding that Plaintiff's migraines did cause some symptoms but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the record evidence.  At no point did the ALJ isolate any of the underlying facts in this case and indicate that this factor alone showed that Plaintiff's statements were not entirely consistent with the record evidence.  Instead, the ALJ considered all of the evidence in context and explained how it impacted his findings.  For example, he did not simply rely on the fact that Plaintiff failed to report headache-related issues at certain doctors' appointments; rather, he accurately noted that although Plaintiff testified that she had stopped working because of her migraine headaches (R. 38), she did not report this as her reason for ceasing work to her primary physician at her next appointment. (R. 18, 366).  Far from "cherry-picking," the ALJ's reference to this specific treatment note was directly relevant to his evaluation of Plaintiff's testimony.  This reference certainly does not, in and of itself, disprove

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:        Counsel of record

---

Plaintiff's testimony regarding her migraines, but it is relevant as one of many factors in evaluating that testimony. That is exactly how the ALJ treated it.

Similarly, the ALJ correctly noted that Plaintiff did not identify migraine headaches as a basis for her disability claim during her consultative examination with Debra Davis, N.P. (R. 18). Although Plaintiff baselessly suggests that the consultative examiner was at fault for this situation, the fact remains that the consultative report does not reflect that Plaintiff made any mention of her migraine headaches. Again, the ALJ did not treat this factor as determinative in considering Plaintiff's testimony as to her symptoms, but rather considered it within the larger context of the record. It is beyond dispute that an ALJ can, and in fact must, consider such evidence as statements made to physicians in evaluating a claimant's subjective testimony about the intensity, persistence, and limiting effects of his or her symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), (4) & 416.929(c)(3), (4); SSR 16-3p, at *5; *Reinhart v. Colvin*, Civ. No. 13-263, 2014 WL 4262171, at *7 (W.D. Pa. Aug. 27, 2014).

It is important to remember that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

The Court further emphasizes that the ALJ based his decision on the entire record, including Plaintiff's treatment history, consultative examinations, and multiple medical opinions consistent with his findings. In no way did the ALJ discount Plaintiff's headaches all together, and in fact, expressly accounted for her migraines in formulating the RFC. (R. 18). If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). The Court finds here that substantial evidence does support the ALJ's decision and, therefore, it will affirm.